FILED ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

DEC 14 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| CARLOS NOGUERA, | ) |
| Petitioner, | ) 3:11-cv-00428-LRH-WGC |
| vs. | ) ORDER |
| GREG SMITH, et al., | ) |
| Respondents. | ) |

This action proceeds on a habeas corpus petition pursuant to 28 U.S.C. § 2254 brought pro se by petitioner, Carlos Noguera. Before the Court is petitioner's motion for "relief from the judgment" seeking reconsideration of the Court's denial of counsel (ECF No. 9). This motion shall be denied. Also pending is an unopposed motion to dismiss the petition (ECF No. 11) on the grounds that it contains unexhausted claims.

Despite being given notice through the Court's Order regarding the requirements of *Klingele v. Eikenberry* and *Rand v. Rowland*, (ECF No. 12), petitioner has not opposed the motion and has not sought additional time from the Court to do so. Local Rules of Practice (LR) Rule 7-2(d) provides that ... "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

Because, pursuant to 28 U.S.C. § 2254(b)(1), the Court is unable to entertain the merits of claims raised in this Court but not raised before the state court's, the motion to dismiss must be granted.

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).

The Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appeal, and the Court determines that none meet that standard. Accordingly, the Court will deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the motion for relief from judgment (ECF No. 9) is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion to Dismiss the Petition (ECF No. 11) is **GRANTED.** The petition is **DISMISSED.** No Certificate of Appealability shall issue. The Clerk shall enter judgment accordingly.

Dated this __13__ day of December, 2011.

Edward C. Reed
UNITED STATES DISTRICT JUDGE