# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CARLOS NOGUERA,

    Petitioner,

vs.

ROBERT LEGRAND, *et al.*,

    Respondents.

Case No. 3:11-cv-00428-LRH-WGC

**ORDER**

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner represented by counsel.

Petitioner dispatched his federal habeas petition to this Court on June 1, 2011. (ECF No. 6). The federal habeas petition contains 15 grounds for relief. (*Id.*). On September 2, 2011, respondents filed a motion dismiss, arguing that Grounds 5, 9, and 10 were unexhausted. (ECF No. 11). By order filed December 14, 2011, this Court granted respondents' motion and dismissed the petition in its entirety. (ECF No. 14). Judgment was entered on the same date. (ECF No. 15).

Petitioner appealed. (ECF No. 16). The United States Court of Appeals for the Ninth Circuit entered an order on September 14, 2012, requiring this Court to locate and appoint counsel to represent petitioner. (ECF No. 19). By order filed September 19, 2012, this Court appointed the Federal Public Defender to represent petitioner. (ECF No. 21). On February 25, 2014, the Ninth Circuit filed an unpublished memorandum opinion reversing this Court's dismissal of the petition. (ECF No. 24). The Ninth Circuit's opinion stated, in relevant part:

> Noguera appeals the district court's dismissal of his habeas corpus petition for failure to exhaust. We hold that the district court erred in

>dismissing Noguera's petition, as Noguera had exhausted the three claims in question. He raised those claims on direct appeal to the Nevada Supreme Court and alerted the court that the claims were federal in nature by citing specific provisions of the federal Constitution. He also included a statement of facts that entitled him to relief. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003) ("To satisfy the exhaustion requirement, the claim must have been presented previously to the Nevada Supreme Court, 'includ[ing] reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief.'") (quoting *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)).

(ECF No. 24, at p. 2). The Court of Appeals issued its mandate on March 20, 2014. (ECF No. 25). On March 26, 2014, this Court entered an order on mandate. (ECF No. 26). Respondents are now required to file an answer addressing the merits of all grounds of the petition. Thereafter, petitioner is granted the opportunity to file a reply.

**IT IS THEREFORE ORDERED** that respondents **SHALL FILE AN ANSWER** to the petition within **forty-five (45) days** from the date of entry of this order. The answer shall include substantive arguments on the merits as to each ground of the petition. In filing the answer, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254 regarding providing relevant transcripts and the state court record. To the extent that respondents may seek to raise procedural defenses to any grounds of the petition, such arguments shall be included in the answer. **No further motions to dismiss will be entertained in this case**.

**IT IS FURTHER ORDERED** that petitioner **SHALL FILE AND SERVE A REPLY** to the answer, within **forty-five (45) days** after being served with the answer.

**IT FURTHER IS ORDERED** that any further exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The hard copy of any additional exhibits shall be forwarded, for this case, to the staff attorneys in **Reno, Nevada.**

Dated this 7th day of July, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE